# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| DEUNA R. SANDBURG, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. CIV-17-1108-M |
| ISL EMPLOYEES, INC. d/b/a RAMBLING OAKS ASSISTED LIVING; INTEGRAL SENIOR LIVING, LLC d/b/a RAMBLING OAKS ASSISTED LIVING; ADP TOTALSOURCE I, INC., | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant ADP TotalSource I, Inc.'s ("ADPTS") Pre-Answer Motion to Dismiss, filed November 17, 2017. On December 8, 2017, plaintiff filed her response. On December 15, 2017, ADPTS filed its reply, and on January 17, 2018, plaintiff filed her surreply.

On October 12, 2017, plaintiff filed the instant action, asserting the following claims against defendants: (1) sexual harassment, creation of a sexually hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1961 ("Title VII"); (2) disability discrimination, harassment, and retaliation in violation of the Americans with Disabilities Act ("ADA") and ADA Amendments Act ("ADAAA"); (3) retaliation for opposing unlawful discrimination in the workplace in violation of Title VII and the ADA/ADAAA; (4) failure to pay wages in violation of the Fair Labor Standards Act; (5) wrongful discharge in violation of state law which prohibits terminating an employee for engaging in whistle-blowing activities; (6) violation of Oklahoma's Protective Services for Vulnerable Adults Act; and (7) blacklisting.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), ADPTS now moves this Court to dismiss all of plaintiff's claims against it.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

ADPTS asserts that in order to be liable for any of plaintiff's claims, it would have to be plaintiff's employer and/or the employer of the individuals plaintiff alleges engaged in the discriminatory and other conduct at issue in this case. ADPTS further asserts that in her Complaint, plaintiff does not sufficiently allege that ADPTS was her employer or the employer of the individuals whose conduct is at issue. Plaintiff contends that she has sufficiently identified ADPTS as her employer in her Complaint.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth sufficient factual allegations showing that ADPTS was her employer or the employer of the individuals whose conduct is at issue in this case. In her Complaint, plaintiff alleges: "Rambling Oaks is managed by Defendants Integral Senior Living, LLC and ISL Employees, Inc. (collectively 'ISL'), which contracts with Defendant ADP Totalsource I, Inc. ('ADP') for payroll services. ISL issued Sandburg's paychecks and ADP issued her W-2 during her employment." Complaint at ¶ 7. Plaintiff makes no other allegation specifically related to ADPTS; plaintiff's remaining allegations refer to "Defendants" collectively. The Court finds the above allegations are not sufficient to show that ADPTS was plaintiff's employer. Because all of plaintiff's claims against ADPTS would require that ADPTS be plaintiff's employer or the employer of the individuals whose conduct is at issue, and because this Court has found that plaintiff has not sufficiently alleged that ADPTS was her employer or the employer of the other individuals, the Court finds that plaintiff's claims against ADPTS should be dismissed.

However, in her response, plaintiff requests the Court grant her leave to file an amended complaint if the Court is inclined to grant ADPTS' motion. Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant leave to amend is within the trial court's discretion. *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Having reviewed the parties' submissions, the Court finds that plaintiff should be granted leave to amend her complaint.

Accordingly, the Court GRANTS ADPTS' Pre-Answer Motion to Dismiss [docket no. 16], DISMISSES plaintiff's claims against ADPTS without prejudice, and GRANTS plaintiff leave to amend her complaint. Plaintiff shall file her amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 17th day of April, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE